IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KARSTEN O. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 7:22cv00408 |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHAROLETTE SHELTON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |            United States District Judge |
| Defendants. | ) | |

This matter is before the court on Allen's motions seeking preliminary injunctive relief in this civil action filed under 42 U.S.C. § 1983. (*See* ECF Nos. 9 & 10.) Having reviewed the motions, the court concludes that there is no basis for granting the requested relief and will deny the motions.

Preliminary injunctive relief is an extraordinary remedy that courts should apply sparingly. *See Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991). As a preliminary injunction temporarily affords an extraordinary remedy prior to trial that can be granted permanently after trial, the party seeking the injunctive relief must demonstrate by a "clear showing" that: (1) he is likely to succeed on the merits at trial; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 22 (2008). The party seeking relief must show that the irreparable harm he faces in the absence of relief is "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd.*, 952 F.2d at 812. Without a showing that the plaintiff will suffer imminent, irreparable

harm, the court cannot grant preliminary injunctive relief. *Rum Creek Coal Sales, Inc. v. Caperton*, 926 F.2d 353, 360 (4th Cir. 1991).

An interlocutory injunction is not appropriate when the harm complained of does not arise from the harm alleged in the complaint. *Omega World Travel v. TWA*, 111 F.3d 14, 16 (4th Cir. 1997). The movant must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint. *Id.*, *see also In re Microsoft Antitrust Litig.*, 333 F.3d 517, 526 (4th Cir. 2003). "[A] preliminary injunction may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Omega World Travel*, 111 F.3d at 16; *see Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994).

In his underlying complaint, Allen alleges that the defendants, Keen Mountain Correctional Center ("Keen Mountain") staff,[1] retaliated against him for filing complaints by threatening him, harassing him, filing false disciplinary charges against him, and increasing his security level. Allen was transferred to Wallens Ridge State Prison ("Wallens Ridge") on April 1, 2022.

In his motions seeking preliminary injunctive relief, Allen alleges that staff at Wallens Ridge are retaliating against him by filing false disciplinary charges against him and denying him access to his legal documents, grievances, writing documents, sheets, blankets, soap, and toiletries. (ECF Nos. 9 at 1 & 10 at 1.) As relief, Allen asks the court to order the Virginia Department of Corrections to remove Allen from Wallens Ridge and "relocate him outside of

---

[1] Allen also names a regional ombudsman who does not work at Keen Mountain and alleges that he upheld a grievance appeal decision.

the [V]DOC's Western Region," and to order Wallens Ridge staff to "immediately release" his legal documents that are currently being "kept in storage" and to "refrain from all forms of retaliation" against Allen. (*Id.*)

Allen's allegations in his motions are not related to the claims in his underlying lawsuit, and Allen has not established the requisite relationship between the injuries claimed in the motions and the conduct giving rise to the complaint. Allen also has not demonstrated that he is likely to suffer "actual and imminent" irreparable harm in the absence of the preliminary injunction. In addition, the defendants in this action would not be able to provide Allen with the relief he seeks at Wallens Ridge. Finally, Allen has no right to be confined at a prison of his choice. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Meachum v. Fano*, 427 U.S. 215, 223-224 (1976). It is well settled that an inmate is not entitled to injunctive relief that seeks a transfer to another correctional facility. *Vandross v. Perry Corr. Inst.*, No. 8:21cv29-DCC-JDA, 2021 U.S. Dist. LEXIS 75148, at *7 (D.S.C. Jan. 8, 2021).

Based on the foregoing, it is **ORDERED** that Allen's motions (ECF Nos. 9 & 10) are **DENIED**. The court notes that nothing in this order prohibits Allen from filing a separate civil action concerning his retaliation claims against Wallens Ridge staff, after he has exhausted available administrative remedies.

The Clerk is directed to send a copy of this Order to the parties.

**ENTERED** this 30th day of September, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE