IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN, | ) |
| Plaintiff, | ) Civil Action No. 7:22cv00408 |
| v. | ) **MEMORANDUM OPINION** |
| CHAROLETTE SHELTON, *et al.*, | ) By:  Hon. Thomas T. Cullen |
| | )         United States District Judge |
| Defendants. | ) |

Karsten O. Allen, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Virginia Department of Correction ("VDOC") and Keen Mountain Correctional Center ("Keen Mountain") staff, alleging that the defendants retaliated against him and refused to process his prison grievances. This matter is before the court on the defendants' motion to dismiss. Having reviewed the relevant portions of the record, the court will deny the motion.

I.

Allen filed his complaint in this action on July 10, 2022. (Compl. at 23 [ECF No. 1].) On July 18, 2022, the court received the complaint and conditionally filed the action. (ECF Nos. 1 & 3.) In the conditional filing order, the court noted that Allen had not prepaid his filing fee and advised him

> that a prisoner may not bring a civil action without complete prepayment of the appropriate filing fee and, as of December 1, 2020, a $52.00 administrative fee, if the prisoner has brought on three or more occasions, an action or appeal in a federal court that was dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, unless the prisoner is in imminent danger of serious physical injury. *See* 28 U.S.C.

> § 1915(g). Plaintiff is advised that if plaintiff has had prior cases dismissed for any of the above-stated reasons, these prior dismissals may limit plaintiff's ability to file new cases without prepaying the full $402.00 in filing costs. If plaintiff believes that this case, or any other pending case, may be dismissed as frivolous, as malicious, or for failure to state a claim upon which relief may be granted, plaintiff may file a motion for voluntary dismissal of such case(s) pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

(ECF No. 3, at 2–3.) On September 6, 2022, Allen submitted his "consent to fee" form in order to be granted *in forma pauperis* status. (ECF No. 8.) On September 29, 2022, the court granted Allen leave to proceed *in forma pauperis* and served this action on the defendants. (ECF No. 11.)

## II.

Under the "three strikes provision" of the Prison Litigation Reform Act ("PLRA"), a prisoner is denied the privilege of proceeding in a civil action or filing an appeal without prepaying the filing fee if, while incarcerated, he has filed three actions or appeals that were dismissed as frivolous, malicious, or because they failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). This provision is mandatory. *See Blakely v. Wards*, 738 F.3d 607, 619 (4th Cir. 2013) (describing § 1915(g) as "mandatory"). A dismissal for one of these reasons, regardless of whether it is with or without prejudice, counts toward the three strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721 (2020).

The defendants filed a motion to dismiss this action, arguing that Allen failed to advise the court that he had previously brought at least three civil actions that were dismissed for failure to state a claim. Accordingly, the defendants assert that the Allen does not qualify for *in forma pauperis* status in this case because he is a "three-striker." Consequently, the defendants

2

ask the court to revoke Allen's *in forma pauperis* status. Further, the defendants argue that, because Allen did not prepay the filing fee or present evidence that he was in imminent danger of serious physical injury, the court should also dismiss his complaint under § 1915(g).

### III.

As the court reviews Allen's filing history today, it is clear that he is a three-striker under § 1915(g). But he was not a three-striker at the time he filed this action and, therefore, the court cannot conclude that he did not qualify for *in forma pauperis* status as the defendants ask it to do. Accordingly, the court will deny the defendants' motion.

In April 2021, while incarcerated, Allen filed two separate actions under 42 U.S.C. § 1983, seeking damages for the alleged violations of his First and Fourteenth Amendment rights. *See Allen. v. S.K. Coleman, et al.*, No. 7:21cv241 (W.D. Va. Apr. 26, 2021); *Allen. v. Larry Fields, et al.*, No. 7:21cv244 (W.D. Va. Apr. 28, 2021). On March 25, 2022, the court granted the defendants' motions to dismiss in each of the cases, finding that Allen's allegations failed to state a claim. The court's dismissals each counted as a strike under § 1915(g), giving him two strikes as of March 25, 2022.

Also in April 2021, while incarcerated, Allen filed another action under § 1983 seeking damages for the alleged violation of his Eighth and Fourteenth Amendment rights. *See Allen v. Officer B. Sater, et al.*, No. 7:21cv230 (W.D. Va. Apr. 21, 2021). On July 18, 2022, the court granted the defendants' motion to dismiss the case, finding that Allen's allegations failed to state a claim. The court's dismissal counted as a strike under § 1915(g), giving him his third strike *as of July 18, 2022.*

Because Allen did not have three strikes when he filed his complaint in this action on July 10, 2022, the court cannot conclude that his is not entitled to *in forma pauperis* status or that he is barred from bringing this action under § 1915(g).

## IV.

For the reasons discussed, the court will deny the defendants' motion to dismiss this action.

The Clerk shall send copies of this memorandum opinion and the accompanying order to the parties.

**ENTERED** this 7th day of December, 2022.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE