CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
April 18, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| KARSTEN O. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:22-cv-00408 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CHAROLETTE SHELTON, *et al.*, | ) | By:   Hon. Thomas T. Cullen |
| | ) |         United States District Judge |
| Defendants. | ) | |

This case concerns alleged retaliation for filing grievances at a Virginia prison. Plaintiff Karsten Allen contends that Defendant Charolette Shelton ordered his transfer to a higher-security facility in retaliation for Allen's history of filing grievances against prison staff. In September 2023, the court denied Shelton's motion for summary judgment, holding that she was not entitled to qualified immunity on Allen's claims. She now asks the court to reconsider that ruling, contending that the court erred in concluding that the right to be free from retaliation in the specific form of transfer to a higher-security facility was clearly established in this circuit. Because the right in question has been clearly established in the Fourth Circuit since at least 2015, her motion will be denied.

**I.**

The order Shelton challenges "did not resolve all claims against all parties," meaning the order "was interlocutory and thus subject to revision at any time" under Rule 54(b). *Saint Annes Dev. Co., Inc. v. Trabich*, 443 F. App'x 829, 832 (4th Cir. 2011) (citing Fed. R. Civ. P. 54(b)); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514−15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including

partial summary judgments, at any time prior to final judgment when such is warranted."). Resolution of a Rule 54(b) motion is "committed to the discretion of the district court," *Am. Canoe Ass'n*, 326 F.3d at 515, and "the goal . . . is to reach the correct judgment under law[,]" *Netscape Commc'ns Corp. v. ValueClick, Inc.*, 704 F. Supp. 2d 544, 547 (E.D. Va. 2010) (internal citation omitted). But the court's discretion "is not limitless," *Carlson v. Bos. Sci. Corp.*, 856 F.3d 320, 325 (4th Cir. 2017), and "[s]uch motions . . . should be granted sparingly," *Wootten v. Virginia*, 168 F. Supp. 3d 890, 893 (W.D. Va. 2016) (cleaned up). Relief under Rule 54(b) may be appropriate where the moving party shows that the court "patently misunderstood a party" in reaching its decision, there has been "a controlling or significant change in the law or facts" since the court issued its order, *Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D. Va. 1983), or "the prior decision was clearly erroneous and would work manifest injustice" if allowed to stand, *Am. Canoe Ass'n*, 326 F.3d at 515 (cleaned up). *See Wootten*, 168 F. Supp. 3d at 893 (citing the same factors). "[R]econsideration is not meant to re-litigate issues already decided, provide a party the chance to craft new or improved legal positions, highlight previously-available facts, or otherwise award a proverbial 'second bite at the apple' to a dissatisfied litigant." *Id.*

## II.

In its prior ruling, the court held:

> Shelton contends she is entitled to the protections of qualified immunity, but on the present record, the court disagrees. Qualified immunity protects "government officials . . . from liability for civil damages insofar as their conduct does not violate clearly establish statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). "Evaluating a claim of qualified immunity involves a two-part test: (1) do the allegations underlying the

> claim, if true, substantiate a violation of a federal statutory or constitutional right; and (2) did the actions violate a clearly established right of which a reasonable person would have known?" *Trail v. Cressell*, 494 F. Supp. 3d 349, 357 (W.D. Va. 2020). Here, for the reasons discussed, Shelton's actions, if they are as Allen alleges, would have violated his constitutional right. As to the second prong, "[t]he law governing [the alleged] conduct was clearly established. Specifically, the law clearly established that [a] defendant[] cannot transfer a prisoner from one correctional institution to another in order to punish the prisoner for exercising his First Amendment rights to pursue civil rights litigation in the courts." *Schroeder v. McDonald*, 55 F.3d 454, 461 (9th Cir. 1995). Accordingly, a jury will have to decide whether Shelton's actions were (1) retaliatory or (2) in pursuit of a legitimate penological goal. On this record, the court cannot make that conclusion as a matter of law. *Cf. Bostock v. Clayton Cnty., Ga.*, 140 S. Ct. 1731, 1739 (2020) ("Often, events have multiple but-for causes.").

(Mem. Op. p. 27 n.17, Sept. 29, 2023 [ECF No. 61].) Shelton contends the court erred by relying solely on Ninth Circuit law because, for a right to be clearly established, this court may look only to Supreme Court, Fourth Circuit, or Virginia Supreme Court *published* precedent, or there must be a robust consensus among the circuit courts. *See, e.g.*, *Hill v. Crum*, 727 F.3d 312, 322 (4th Cir. 2013).

Obviously, Shelton is correct about the law of qualified immunity. And perhaps the court was remiss in citing to the Ninth Circuit's holding because it was a clear and concise explanation of the right at issue. But Shelton is incorrect that the Fourth Circuit has not held that the right in question was clearly established. Earlier this year, the Fourth Circuit explained that the right to be free from a retaliatory transfer had been clearly established in this Circuit since at least 2015 (and arguably as early as 2010):

> Defendants also argue that they are entitled to qualified immunity on [Plaintiff Jordan Jones's retaliation] claim. We disagree. The facts, viewed in the light most favorable to Jones, support that

> [Defendant] Taylor ordered his transfer to another prison in retaliation for his filing of grievances. This Court has held that the "First Amendment right to be free from retaliation by prison officials for filing a grievance was clearly established in 2010." *Martin [v. Duffy]*, 858 F.3d [239,] 251 [(4th Cir. 2017)]. And the Supreme Court held in 1983 that a State may "confine [an] inmate in any penal institution in any State *unless* there is state law to the contrary *or the reason for confining the inmate in a particular institution is itself constitutionally impermissible.*" *Olim [v. Wakinekona]*, 461 U.S. [238,] 248 n.9 [(1983)] (emphases added). So, when Taylor ordered Jones transferred in October 2015, it was clearly established that transferring a prisoner to another institution in retaliation for the prisoner filing a grievance violated his First Amendment rights.

*Jones v. Solomon*, 90 F.4th 198, 216 (4th Cir. 2024). If the right to be free from a retaliatory transfer was clearly established in 2015, it certainly was when Shelton was alleged to have done exactly that in December 2021. Her motion will be denied.

### III.

Because the right in question was unquestionably clearly established in December 2021, there is no basis to revisit the court's prior ruling. Shelton's motion for entry of judgment under Rule 54(b) must be denied.

The Clerk is directed to forward a copy of this Memorandum Opinion and accompanying Order to the parties.

**ENTERED** this 18th day of April, 2024.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE