CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
October 23, 2024
LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| KARSTEN O. ALLEN,<br>    Plaintiff,<br><br>v.<br><br>CHAROLETTE SHELTON, *et al.*,<br>    Defendants. | Case No. 7:22-cv-00408<br><br><br>By: C. Kailani Memmer<br>United States Magistrate Judge |

## MEMORANDUM OPINION AND ORDER

Plaintiff Karsten O. Allen, a Virginia inmate proceeding *pro se*, filed this civil action under 42 U.S.C. § 1983 against Charolette Shelton and other defendants. Based on the court's prior rulings, Allen's claim against Defendant Shelton is the only remaining claim in the case that has not been resolved. Allen asserts that Shelton retaliated against him by orchestrating a transfer to a higher security institution because Allen filed another lawsuit against Shelton. Allen claims this retaliatory transfer violated his rights under the First Amendment. ECF No. 1 at 19-21.

Allen's claim against Defendant Shelton was set for trial on June 17-18, 2024. The trial dates were removed from the docket and the case was continued at Allen's request because of problems accessing his legal materials. ECF No. 98. The court will reset this case for new trial date as directed below. The Amended Pretrial Order that will be issued after a trial date is selected will contain numerous deadlines that will supersede all prior deadlines set.

The court now addresses the pending motions.

### A. Motions Mooted by Forthcoming Amended Pretrial Order

Several of the pending motions relate to deadlines established under the Pretrial Order that was governing when the case was set for trial in June 2024 at ECF No. 76. Because the status of

witnesses may change and because updated filings will be required under the forthcoming Amended Pretrial Order that will moot the basis of the motions, these Motions will be **DENIED** without prejudice. Specifically, ECF No. 111 (Allen's Motion to Amend his witness list) and ECF No. 88 (Allen's Motion to Issue Subpoenas) are **DENIED** without prejudice. Allen should file an updated witness list and requests for subpoenas under the new deadlines that will be established in the forthcoming Amended Pre-Trial Order.

In ECF No. 79, entitled "Motion for Court Order," Allen complains about delays in receiving his mail and asks for discovery to be conducted via fax. The court declines to order changes to VDOC's procedures regarding legal mail such as to require discovery to be conducted by fax at this time. Discovery was issued by Allen contemporaneously with his filing of ECF No. 79 (*See* ECF Nos. 80-82). Defendant responded to that discovery, and Allen filed a Motion to Compel related to the discovery responses (ECF No. 102). Additionally, the forthcoming Amended Pretrial order will set new deadlines for any remaining discovery to be conducted. Accordingly, no current need exists to address the mechanics of discovery. ECF No. 79 is therefore **DENIED** without prejudice. Allen may file a subsequent motion if new difficulties arise that prevent his compliance with the established deadlines.

### B. Motions Related to Discovery and Attorney Representation

In ECF No. 83, Allen complains about defense counsel's failure to provide initial disclosures and participate in a Rule 26(f) initial conference pursuant to Federal Rule of Civil Procedure 26. However, cases filed by *pro se* inmates are specifically exempted from these requirements under Federal Rule of Civil Procedure 26(a)(1)(B)(iv). Therefore, ECF No. 83 is **DENIED**.

The court issued an Order directing the institution housing Allen to permit him to participate in a call with an attorney on July 30, 2024. ECF No. 115. Apparently, the attorney call did not occur because the attorney did not call the institution at the designated time. ECF No. 116 at 2. Allen then filed ECF No. 116 styled a "Motion to Proceed *Pro Se*." Allen requests that he be permitted to continue to proceed *pro se*. As no attorney has made an appearance on Allen's behalf, ECF No. 116 is **DENIED** as unnecessary because there is no attorney representation to terminate and, thus, no status to change. Allen will continue to represent himself *pro se* unless an attorney enters a notice of appearance on his behalf.

### C. Motions Related to Plaintiff Allen's Access to Legal Materials

Many of the pending motions are motions filed by Allen to address issues he claims he experienced in accessing his legal materials after he was transferred among institutions. Allen has been transferred among institutions on several occasions, which necessitates the shipment of and inspection of his property. Allen complains that his lack of access to his legal materials has at certain times has impacted his ability to prosecute this action. Allen is currently housed at Wallens Ridge according to the VDOC inmate locator website.

ECF No. 97 is entitled "Motion for Court Order." In the filing, Allen asks the court to enter an order to the Director of Sussex I (the transferring institution) to forward his legal materials to Wallens Ridge where he was housed as of April 16, 2024. This Motion is **DENIED** as moot because Allen's materials are no longer at Sussex 1 and because he has subsequently stated that he is in possession of all his legal materials. ECF No. 113 at 2.

On May 7, 2024, the court ordered Defendant's counsel to provide information about the status of Allen's legal materials. Counsel timely provided the requested update on May 14, 2024 (ECF No. 100), indicating the documents were shipped to the institution housing Allen. However,

as of May 22, 2024 (the date Allen signed ECF No. 107), Allen had not received a copy of the status update or the legal materials. Thus, in ECF No. 107 (also entitled "Motion for a Court Order"), Allen asked the court to enter another order to obtain information about where his legal materials were. ECF No. 107 is **DENIED** as moot because the update was timely filed by counsel, Allen acknowledged his eventual receipt of the update, and because Allen subsequently acknowledged that he was in possession of all of his materials as of May 28, 2024. ECF No. 113 at 2.

On May 23, 2034, Allen submitted to prison officials for mailing to the court, a Motion for Preliminary Injunction, which was filed on June 3, 2024, as ECF No. 108. As of May 23, 2024, Allen still had not received his legal materials. He therefore asked the court to order VDOC (not a party to the action) to "return Plaintiff's confiscated legal documents to his possession and further refrain from all forms of retaliation for filing this lawsuit." ECF No. 108 at 1. As to the request for the order to VDOC to return his materials, the request is **DENIED** as moot because Plaintiff was in possession of his materials as of May 28, 2024. ECF No. 113 at 2. As to the request that the court order VDOC to refrain from prospective retaliation for filing this suit, that request is also **DENIED**. Allen has not established that he is in any imminent danger from any announced plan to retaliate, and the harm he seeks to prevent is therefore speculative. Of course, if Allen experiences what he believes is actionable retaliation in the future, he may exhaust administrative remedies and pursue such a claim as he has in many other cases. Therefore, he faces no irreparable harm that would warrant the unbounded and intrusive preliminary injunctive relief requested. For these reasons, ECF No. 108 is **DENIED** in its entirety.

Allen was then transferred back to Sussex 1 (ECF No. 118) for medical care, but he has since returned to Wallens Ridge. VDOC Inmate Locator. Allen has no motion pending which

indicates a current issue with lack of his legal materials. On August 19, 2024, Allen filed ECF No. 118, a "Motion to Transfer Legal Documents." Allen expressed concern that he would remain at Sussex 1 for a long time and be denied his materials. That concern, however, did not materialize, and no activity in this case was impacted. Allen has claimed impeded access to his legal materials several times, so in ECF No. 118 he asks that the court order "appropriate officials to allow access to his legal materials, not only in this instance but until the conclusion of this action." A prospective preliminary injunction would not be an appropriate remedy because the issues with access to his legal materials do not relate to the sole claim remaining in this action, a claim that Defendant Shelton orchestrated a retaliatory transfer. A party seeking preliminary relief must "establish a relationship between the injury claimed in the [plaintiff's] motion and the conduct asserted in the complaint." *Omega World Travel v. Trans World Airlines*, 111 F.3d 14, 16 (4th Cir. 1997) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). A preliminary injunction "may never issue to prevent an injury or harm which not even the moving party contends was caused by the wrong claimed in the underlying action." *Id*. Therefore, ECF No. 118 is **DENIED**.

If Allen lacks access to his legal materials subsequently and the issue impacts his ability to the meet deadlines set in the Pretrial Order, he may file a motion apprising the court of the current situation. Any such motion should identify with specificity the materials Allen claims he lacks access to and the date upon which he lost access. The court will then expeditiously address any claimed problems.

### D.  Motion to Reset Trial and Motions Related to Trial Conduct and Evidence

ECF No. 113 is Allen's "Motion to Reset Trial and for a Pre-Trial Conference." Allen's Motion is **GRANTED** as to his request to set a new trial date and a new pretrial conference date.

The Clerk is **DIRECTED** to set a new trial date in this matter.  Once the date(s) have been selected, the court will then issue an Amended Pretrial Order setting applicable deadlines.

The only remaining pending motions are Allen's Motion to Compel at ECF No. 102 and Motion in Limine at ECF No. 94.  These Motions will be addressed in a subsequent order and/or at the Pretrial Conference.  If any of the issues raised in these Motions have been resolved or are resolved prior to the issuance of any ruling, the parties should so advise the court as soon as possible.

Entered: October 23, 2024

C. Kailani Memmer
United States Magistrate Judge